UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY ROSSIGNON,

Plaintiff,

v.

ANTIOCH POLICE DEPARTMENT, et al.,

Defendants.

Case No. 22-cv-03797-RMI

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a detainee proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### 1. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a

cause of action and state conclusions; rather a plaintiff must state factual allegations sufficient to raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court recently explained this standard: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**2. Legal Claims**

Plaintiff alleges that defendants used excessive force during his arrest. An allegation of the use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989); *see also Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641-42 (9th Cir. 2018) (pro se allegations that police officers "beat the crap out of" plaintiff and caused him severe injury enough to support a legally cognizable claim under § 1983). Excessive force claims which arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard. *See Graham*, 490 U.S. at 394-95.

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid under § 1983, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Consequently, such a claim for damages, that

is, one bearing such a relationship to a conviction or sentence that has not been so invalidated, is not cognizable under § 1983. *Id*. at 487.

In a different context, in *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the Court held that the "*Heck* rule for deferred accrual [of the statute of limitations] is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Id*. at 391-93 (quoting *Heck*, 512 U.S. at 486-87). The *Heck* rule delays accrual of the limitations period only if there is an existing conviction on the date the statute of limitations begins to run, which in the case of wrongful arrest or wrongful imprisonment claims is when the plaintiff's confinement is no longer without legal process, but rather becomes a confinement pursuant to legal process, for example, when he or she is bound over by a judge or arraigned on charges. *Id*. at 389-90. Although the Court was only considering when the statute of limitations began running on a false arrest or false imprisonment claim, the discussion quoted suggests that *Heck* does not apply if there is no extant conviction – for instance, if a plaintiff has only been arrested or charged.

Accordingly, if a plaintiff files a § 1983 false arrest claim before he or she is convicted, or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power of the district court, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Id*. at 393-94. If the plaintiff is thereafter convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal; otherwise, the case may proceed. *Id*. at 394.

Plaintiff states that on January 24, 2019, he was running due to fear for his safety when he hid in a doghouse. Police officers yelled for him to come out and he exited with his hands up. He contends that an officer released his K9 unit and the dog attacked him and other officers punched him and hit him with a gun. Plaintiff identifies the officers involved but fails to describe the specific actions of each officer. The complaint is dismissed with leave to amend to provide more information. Plaintiff should identify each officer and describe their actions and how they violated his constitutional rights.

Furthermore, Plaintiff is currently in custody. It is not clear if he is in custody related to this arrest or the status of the arrest. Depending on the charges, plaintiff cannot obtain money damages unless the charges were dropped, he was acquitted, or the conviction expunged. If the prosecution is ongoing, this case must be stayed until the criminal case concludes. In an amended complaint, Plaintiff should provide more information about the status of the criminal case and the reason he is currently in custody.

## CONCLUSION

1. The Complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed, and must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original Complaint by reference. Failure to amend within the designated time will result in dismissal of this case.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk, headered "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 17, 2022

ROBERT M. ILLMAN
United States Magistrate Judge

4