1

2

3

4               UNITED STATES DISTRICT COURT

5               NORTHERN DISTRICT OF CALIFORNIA

6

7   GREGORY ROSSIGNON,                    Case No.  22-cv-03797-RMI

8                    Plaintiff,
                                          **ORDER OF DISMISSAL WITH LEAVE**
9           v.                            **TO AMEND**

10  ANTIOCH POLICE DEPARTMENT, et al.,

11                   Defendants.

12

13          Plaintiff, a detainee proceeding pro se, filed a civil rights complaint under 42 U.S.C.

14  § 1983. The original complaint was dismissed with leave to amend, and plaintiff filed an amended

15  complaint.

16                              **DISCUSSION**

17  **1.  Standard of Review**

18          Federal courts must engage in a preliminary screening of cases in which prisoners seek

19  redress from a governmental entity, or from an officer or employee of a governmental entity. 28

20  U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any

21  claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

22  seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2).

23  Further, it should be noted that pleadings submitted by pro se parties must be liberally construed.

24  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

25          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

26  claim showing that the pleader is entitled to relief." While specific facts are not necessary, the

27  statement needs to give the defendant fair notice of the nature of the claim and the grounds upon

28  which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include

1    detailed factual allegations in a complaint, the complaint must do more than recite elements of a

2    cause of action and state conclusions; rather a plaintiff must state factual allegations sufficient to

3    raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550

4    U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is

5    plausible on its face." *Id.* at 570. The Supreme Court recently explained this standard: "[w]hile

6    legal conclusions can provide the framework of a complaint, they must be supported by factual

7    allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their

8    veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft

9    v. Iqbal*, 556 U.S. 662, 679 (2009).

10        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

11   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

12   the alleged deprivation was committed by a person acting under the color of state law. *West v.

13   Atkins*, 487 U.S. 42, 48 (1988).

14        **2.  Legal Claims**

15        Plaintiff alleges that defendant police officers used excessive force during his arrest. An

16   allegation of the use of excessive force by a law enforcement officer in effectuating an arrest states

17   a valid claim under 42 U.S.C. § 1983. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447

18   (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989); *see also

19   Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641-42 (9th Cir. 2018) (pro se allegations that police

20   officers "beat the crap out of" plaintiff and caused him severe injury enough to support a legally

21   cognizable claim under § 1983). Excessive force claims which arise in the context of an arrest or

22   investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness

23   standard. *See Graham*, 490 U.S. at 394-95.

24        Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official

25   policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658,

26   690 (1978), but a city or county may not be held vicariously liable for the unconstitutional acts of

27   its employees under the theory of respondeat superior, *see Board of Cty. Comm'rs of Bryan Cty.

28   v. Brown*, 520 U.S. 397, 403 (1997). To impose municipal liability under § 1983 for a violation of

United States District Court
Northern District of California

United States District Court
Northern District of California

constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)) (internal quotation marks omitted).

Plaintiff states that on January 24, 2019, he was running due to fear for his safety when he hid in a doghouse. Defendant Evans ordered plaintiff to come out. Plaintiff exited with his left hand in the air and his right hand touching the ground for support. Defendant Ramirez released his K9 unit, and the dog viciously attacked plaintiff causing injuries. Then defendant Gerber repeatedly punched plaintiff with his fist and his gun causing injuries. Defendants Evans, Downie, Magann, Varner and Hoffman failed to intervene while plaintiff was subject to the excessive force. Liberally construed, this is sufficient to state a claim against these defendants.

Plaintiff also names the City of Antioch and the Antioch Police Department as defendants. To the extent plaintiff seeks to continue with a *Monell* claim, he failed to present any allegations pursuant to the standards set forth above. The complaint is dismissed with leave to amend. In a second amended complaint, plaintiff should include the allegations against the police officer defendants above and either exclude the City of Antioch and Antioch Police Department so the case will continue against the police officers or present sufficient allegations against the city and police department pursuant to *Monell*. Failure to file a second amended complaint will result in the case only continuing against the police officers.

## CONCLUSION

1. The Amended Complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The second amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed, and must include the caption and civil case number used in this order and the words "SECOND AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff

may not incorporate material from the original Complaint by reference. Failure to amend within the designated time will in this case only continuing against the police officer defendants..

2.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk, headered "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 13, 2022

_____
ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California

4